UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SHANNON LEE BODDIE, | § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-1685-B |
| DEFENSE FINANCE AND ACCOUNTING SERVICE, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Defense Finance and Accounting Service's (DFAS)Motion to Dismiss Second Amended Complaint. Doc. 24. DFAS, an agency within the U.S. Department of Defense, argues that this Court lacks subject matter jurisdiction over this action brought against it under the Fair Debt Collection Practices Act because the suit is barred by the doctrine of sovereign immunity. The Court agrees and, for the reasons that follow, **GRANTS** the Motion to Dismiss this case for lack of subject matter jurisdiction.

I.

Plaintiff, Shannon Lee Boddie (Boddie), a former Baylor University ROTC scholarship student sues DFAS for alleged violations of the FDCPA, 15 U.S.C.A. § 1692 *et seq*. Specifically, Boddie alleges that after an illness forced him to quit the ROTC program at Baylor, the Army informed him that he was responsible for repaying the $65,607.00 ROTC scholarship award he had received. Doc. 20, Pl.'s Sec. Am. Pet. 2. Boddie maintains that, despite numerous appeals to the Army, in October 2015,the DFAS began reporting the outstanding debt on his credit report which,

in turn, precluded him from getting credit he needed for work-related expenses as an Uber driver. *Id.* at 3. As a result, Boddie states, he was ultimately rendered "homeless" for several months. *Id* at 3-4. Based on these allegations, Boddie filed this suit against the DFAS under the FDCPA for, *inter alia,* making false and misleading statements on his credit report in violation of 15 U.S.C.A. § 1692e. *Id.* at 4.

DFAS moves to dismiss Boddie's suit pursuant to Fed. R. Civ. P. 12(b)(1),[1] arguing that it is barred under the doctrine of sovereign immunity which deprives the Court of subject matter jurisdiction. The Court agrees.

II.

"'Absent a waiver of sovereign immunity, the federal government is immune from suit.'" *Wagstaff v. U.S. Dept. Of Educ.*, 509 F.3d 661,664 (5th Cir.2007)(quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007)(citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). To be valid, the waiver must be "unequivocally expressed in statutory text…and will not be implied." *Wagstaff*, 509 F.3d at 664 (internal citations omitted). Otherwise, the federal government cannot be haled into federal court. *Id.* In a case of first impression, the Fifth Circuit in *Wagstaff,* an FDCPA suit against the U.S. Department of Education over a student loan, held that the federal government has not waived its sovereign immunity under the FDCPA and is, therefore, immune from suit under the statute. *Id.* ("…because the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case.")

DFAS is a federal agency of the U.S. Department of Defense. As such, Boddie's FDCPA suit

---

[1] DFAS also moves to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because the Court lacks subject matter jurisdiction over the case, it does not reach the 12(b)(6) issue.

against DFAS is barred under the doctrine of sovereign immunity and this Court is lacks subject matter jurisdiction over the case. Accordingly, DFAS' Motion to Dismiss Second Amended Complaint. Doc. 24. Is **GRANTED.**

**SO ORDERED.**

**SIGNED: September 8, 2017**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE